FILED

OCT - 1 2020

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 4:20CR624 HEA |
| DAVID M. KRAMER, ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney charges that:

### INTRODUCTION

At all times relevant to this Information:

1. E.H.I. is a parent company headquartered in St. Louis County, in the Eastern District of Missouri, that owns and operates vehicle leasing companies throughout the United States. E.H.I. has a branch located in southern Florida, entitled Group 41.

2. Defendant **DAVID M. KRAMER** (hereinafter "Kramer") was employed with E.H.I. Kramer was originally hired by E.H.I. in January 2002 as a management trainee. In November 2009, Kramer was promoted to Regional Risk Manager with Group 41 and then two years later, to Group Risk Manager. As Group Risk Manager, Kramer was responsible for supervising other employees with regard to risk management and following underwriting guidelines. Kramer was also responsible for all internal investigations occurring within his group, ultimately determining whether someone would be terminated after an internal investigation.

3. In his role as a Risk Manager with Group 41, Kramer would request checks from the Accounts Payable team for various expenditures related to E.H.I.'s business functions. Specifically, if there were costs associated with vehicles obtained from E.H.I., such as towing

expenses, clean-up costs, or accident fees, Kramer would request checks from the Accounts Payable team in order to pay those expenses on behalf of E.H.I.

4. Beginning in or about 2009, Kramer began requesting checks from Accounts Payable for fictitious and fraudulent expenses. To support his check requests, Kramer would create false and fraudulent requests for payment from various entities in the south Florida area, including sheriff's offices, the Florida Department of Transportation, and judicial courts among others. Kramer would then attach the false and fraudulent letters to a request for a check made payable to cash.

5. When a check was requested, the Accounts Payable department of Group 41 would enter the check request into E.H.I.'s accounting database. That request would be transmitted via interstate wire transmission over the Internet from Group 41 in Coconut Creek, Florida to E.H.I.'s Data Center in Weldon Springs, Missouri. A print file of the check would then be transmitted via the Internet from E.H.I.'s Data Center to Group 41.

6. Once Kramer received the check made payable to cash from the E.H.I. Accounts Payable department, he would deposit the check into his personal Suntrust bank account #XXXXXXXXX4547 or his personal JP Morgan Chase bank account #XXXXXXXXXXX9087. Kramer then used the fraudulently obtained funds for personal purchases and expenses, including vacations, expensive watches, and designer clothing.

7. When Kramer deposited the checks into his personal Suntrust and JP Morgan Chase bank accounts in Florida, E.H.I.'s bank account in St. Louis, Missouri was debited.

8. Kramer was terminated from E.H.I. in June 2020.

## COUNTS I-V
## WIRE FRAUD: 18 U.S.C. § 1343

### THE SCHEME

9. The United States Attorney hereby re-alleges and incorporates paragraphs 1-8 of this Information as if stated in full herein.

10. From in or about 2009 to on or about June 2020, defendant Kramer devised and intended to devise a scheme to defraud E.H.I., and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

11. During the relevant time period, defendant Kramer submitted at least 694 false and fraudulent check requests to the Group 41 Accounts Payable department.

12. It was further part of the scheme that, in truth and in fact, defendant Kramer did not use any of the falsely and fraudulently requested checks to pay legitimate expenses incurred by E.H.I.

13. It was further part of the scheme that defendant Kramer's false and fraudulent check requests resulted in an actual loss to E.H.I. of $1,457,247.82.

14. On or about each of the dates set forth below, in the Eastern District of Missouri and elsewhere, the defendant,

### DAVID M. KRAMER,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION |
|-------|------|------------------|
| I | September 12, 2018 | Check 155416 for $4,500 from E.H.I. Commerce Bank account deposited into Kramer's Suntrust Bank account. |
| II | December 14, 2018 | Check 157625 for $4,500 from E.H.I. Commerce Bank account deposited into Kramer's Suntrust Bank account. |
| III | May 17, 2019 | Check 161551 for $4,500 from E.H.I. Commerce Bank account deposited into Kramer's Suntrust Bank account. |
| IV | June 4, 2019 | Check 162021 for $4,500 from E.H.I. Commerce Bank account deposited into Kramer's J.P. Morgan Chase Bank account. |
| V | June 6, 2019 | Check 162096 for $4,500 from E.H.I. Commerce Bank account deposited into Kramer's J.P. Morgan Chase Bank account. |

All in violation of, and punishable under, Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981, and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I through V, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2. Subject to forfeiture is a sum of money in the amount of $1,457,247.82, which represents the total value of all property, real or personal, which constitutes or is derived from proceeds traceable to defendant's violations.

3. Specific property subject to forfeiture includes, but is not limited to, the following (hereinafter "Subject Property"):

| ITEM | PROPERTY DESCRIPTION |
|---|---|
| a | Rolex Lady Datejust M279174-0018 – Serial # 1C0115U0 |
| b | Rolex Datejust 41 M126300-0001 – Serial # 233481V8 |
| c | Rolex Milgauss M116400GV-0002 – Serial # Z10Y6546 |
| d | Hublot Classic Fusion – Serial # 1358038 |
| e | Cartier Love Bracelet in Pink Gold – Serial # 1KA621 |
| f | Cartier Love Bracelet in White Gold – Serial # 1ME247 |

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

DATED: 9/23/20

JEFFREY B. JENSEN
United States Attorney

LINDSAY MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102

UNITED STATES OF AMERICA      )
EASTERN DIVISION              )
EASTERN DISTRICT OF MISSOURI  )

I, Lindsay McClure-Hartman, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
LINDSAY MCCLURE-HARTMAN, #66070MO
ASSISTANT UNITED STATES ATTORNEY

Subscribed and sworn to before me this __23rd__ day of September 2020.



Gregory J. Linhares
_____
CLERK, U.S. DISTRICT COURT

By: __/s/Jason W. Dockery__
DEPUTY CLERK